**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrence J. Peck, ) | No. CV-04-2283-PCT-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The court has before it plaintiff's motion for attorney's fees (doc. 28), defendant's response (doc. 35), and plaintiff's reply (doc. 37)[1].

A prevailing party in an action against the United States is entitled to an award of attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), unless the government's position was "substantially justified." The government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2, 108 S. Ct. 2541, 2550 n.2 (1988).

It is undisputed that plaintiff is the prevailing party. Therefore, the only question before us is whether the government's position in opposing plaintiff's appeal from the ALJ's

---

[1] Plaintiff's motion to extend time to file the reply is granted (doc. 36).

denial of benefits was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). In making this determination, we will consider whether the particular position taken by the Commissioner "with respect to the issue on which the court based its remand was 'substantially justified.' " Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995). "[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." Pierce, 487 U.S. at 569, 108 S. Ct. at 2552.

The Ninth Circuit Court of Appeals affirmed the ALJ's conclusion that plaintiff does not suffer from a severe mental impairment, but reversed the conclusion that plaintiff has the residual functional capacity to perform his past relevant work. The court held that the ALJ committed two errors—discounting the opinion of plaintiff's treating physician, Dr. Soscia, and finding that plaintiff's subjective complaints of pain were not credible. On remand we accepted Dr. Soscia's opinion as true and accordingly concluded that plaintiff is entitled to benefits.

The Ninth Circuit first held that the ALJ erred in rejecting Dr. Soscia's opinion and in crediting the opinion of Dr. Barker, an examining physician. An ALJ may reject a treating physician's opinion that conflicts with an examining physician's opinion by setting forth specific and legitimate reasons supported by substantial evidence in the record. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). In rejecting Dr. Soscia's opinion, the ALJ noted that plaintiff had not seen Dr. Soscia for nine months, and at that return visit sought a disability assessment. Under the regulations, it is appropriate to consider the length of the treatment relationship and the frequency of evaluation in determining what weight to give a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2)(i). The ALJ also noted that Dr. Soscia's opinion of plaintiff's functional limitations was inconsistent with his earlier assessment on June 3, 2003, and with plaintiff's own testimony. Tr. at 24, 267, 283. Inconsistencies in the record are relevant factors in assessing the weight given to a treating physician's opinion. See Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003). Further, the ALJ discounted Dr. Soscia's opinion because it was largely based on plaintiff's subjective complaints, which the ALJ discounted, rather than on clinical findings. Tr. at 24.

1  Again, this is a legitimate consideration in weighing a treating physician's opinion. See
2  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999). Thus, the ALJ
3  provided specific and legitimate reasons for rejecting Dr. Soscia's opinion, and we agreed.

4  In its remand order, the Ninth Circuit also held that the ALJ erred in discounting
5  plaintiff's subjective complaints of pain. The ALJ's conclusion was based in part on
6  plaintiff's positive Waddell's test on physical examination, indicating exaggerated
7  symptoms. Tr. at 24; see Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (holding
8  that Waddell signs properly considered in evaluating subjective complaints). The ALJ
9  further noted that the minimal abnormal clinical findings in the record, as well as the fact that
10 plaintiff infrequently sought medical treatment, were inconsistent with plaintiff's allegations
11 of disabling pain. Tr. at 23; see Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)
12 (holding that ALJ properly considered lack of objective medical evidence in evaluating
13 subjective complaints); Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) (holding that
14 unexplained gaps in medical treatment is relevant in adverse credibility finding). Finally, the
15 ALJ noted as significant plaintiff's statement to Dr. Barker, that he spends much of his time
16 sitting while using the computer, is inconsistent with his testimony that he cannot sit for more
17 than 20 to 30 minutes a day. Tr. at 24; see Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th
18 Cir 1997) (holding that an ALJ may consider claimant's inconsistent reports to physicians
19 in evaluating subjective complaints). Again, the ALJ provided specific reasons for rejecting
20 plaintiff's subjective allegations, and we agreed.

21 In assessing a motion for attorney's fees under the Equal Access to Justice Act, the
22 question is not whether the ALJ's assessment was correct, but whether there was a reasonable
23 basis in law and fact for the government's reliance on that assessment in opposing plaintiff's
24 claim. "[A] position can be justified even though it is not correct, . . . if it has a reasonable
25 basis in law and fact." Pierce, 487 U.S. at 566 n.2, 108 S. Ct. at 2550 n.2. The case before
26 us is distinguishable from those cases where the ALJ failed altogether to make findings or
27 weigh evidence, or where a reviewing court had to speculate as to the reasons for an ALJ's
28 conclusion. See, e.g., Flores, 49 F.3d at 570 (government's position was not substantially

justified where the ALJ wholly "ignored" a vocational report); Yang v. Shalala, 22 F.3d 213, 217 (9th Cir. 1994) (government's position was not substantially justified where ALJ contravened governing regulations in reaching disability determination).

In light of the specific and legitimate reasons supporting the ALJ's decision, the government's position had a reasonable basis in both law and fact, such that a reasonable person could think the government's defense of the ALJ's decision was correct. See Pierce, 487 U.S. at 566 n.2, 108 S. Ct. 2550 n.2. Therefore, we conclude that the government's position was substantially justified.

**IT IS ORDERED DENYING** plaintiff's motion for attorney's fees (doc. 28).

DATED this 26th day of November, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge